[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 28, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12181
Non-Argument Calendar

_____

D. C. Docket No. 05-00467-CR-UWC-JEO

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARL O'NEAL LEWIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(November 28, 2006)**

Before TJOFLAT, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Carl O'Neal Lewis pled guilty in the district court to a charge of felon in

possession of a firearm in violation of 18 U.S.C. § 922(g), and the court sentenced him to prison for a term of 90 months. He now appeals his conviction and sentence.

Lewis challenges his conviction on the ground that the court erred in denying his motion to suppress the firearm at issue which was obtained through a search of his vehicle and statements he made to the police. He also contends that the court erred in determining his sentence range under the Guidelines.

We summarily reject Lewis's challenge to his sentence. Lewis entered into an unconditional plea agreement that waived his rights to appeal his conviction and all previous motions. The record clearly shows that, in response to the court's questioning at the change-of-plea hearing, Lewis voluntarily and knowingly entered his guilty plea. Given his waiver, Lewis lost the right to appeal the denial of his motion to suppress.

The plea agreement contained a sentence appeal waiver. Lewis, however, did not waive his right to appeal his sentence because the district court never specifically questioned him about the sentence appeal waiver while taking his guilty plea. Because the district court did not question Lewis about the sentence appeal waiver at the plea hearing and it is not manifestly clear from the record that Lewis understood the significance of the sentence appeal waiver, the Bushert test

stating the requirements for a knowing and voluntary waiver is not met. See United States v. Bushert, 997 F.2d 1343 (11th Cir. 1993). Therefore, Lewis did not waive his right to appeal his sentence, and we therefore address the merits of his argument regarding the court's application of the Guidelines.

Although the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), rendered the Guidelines advisory and established a reasonableness standard for reviewing the ultimate sentence imposed on a defendant, the district court still is obligated to consult the Guidelines and properly calculate the Guidelines sentence range. United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005). In his brief, Lewis questions whether the district court correctly calculated his sentence range because it based its calculations on two prior convictions that he alleges had been consolidated for sentencing and gave a two-level increase to his offense level under § 2K2.1(b)(4) for possession of a stolen firearm even though he did not know the gun was stolen.

Under U.S.S.G. § 2K2.1(a)(2), the base offense level for felon in possession of a firearm is 24 if the defendant committed the offense after sustaining at least two felony convictions for crimes of violence. U.S.S.G. § 2K2.1(a)(2). The commentary to that section provides that those felony convictions receiving points under § 4A1.1(a), (b), or (c) that are counted separately should be used to

3

determine the base offense level. U.S.S.G. § 2K2.1, comment. (n.12).

Section 4A1.1 of the Sentencing Guidelines sets out the number of points to assign to each conviction based on the length of imprisonment in order to determine the criminal history category. U.S.S.G. § 4A1.1(a), (b), and (c). Guidelines § 4A1.2 provides, "Prior sentences imposed in unrelated cases are to be counted separately." U.S.S.G. § 4A1.2(a)(2). Unrelated cases are those where an intervening arrest occurred between offenses. U.S.S.G. § 4A1.2, comment. (n.3). If there was no intervening arrest and the offenses were consolidated for sentencing purposes, the cases are considered to be related. Id.

Section 2K2.1(b)(4) of the Guidelines provides that the base offense level should be increased by two if the weapon was stolen. U.S.S.G. § 2K2.1. The commentary to that guideline provides that the two-level increase applies "whether or not the defendant knew or had reason to believe that the firearm was stolen." U.S.S.G. § 2K2.1, comment. (n.16).

Lewis first contends that his prior convictions should not have been counted separately to determine his base offense level and, therefore, his base offense level should have been lower. Because the offenses for which Lewis was convicted were separated by an intervening arrest, they were unrelated and properly counted separately. Therefore, the district court did not err in calculating the base offense

level.  See U.S.S.G. §§ 2K2.1, comment. (n.12), 4A1.2, comment. (n.3).

Lewis next contends that the court erred in imposing a two-level increase because he did not know the gun mentioned in the indictment was stolen. However, it is irrelevant whether he knew the gun was stolen, and the two-level increase was properly applied.  See U.S.S.G. § 2K2.1 comment. (n.16).

Finally, Lewis contends that two of his convictions should not have been separately counted to determine his criminal history points because they were consolidated for sentencing purposes.  As previously stated, the offenses for which Lewis was convicted were unrelated.  U.S.S.G. §§ 2K2.1 comment. (n.12), 4A1.2 comment. (n.3).  Thus, the district court properly counted each of these offenses separately, and the district court did not err in calculating the guidelines range.

In sum, for the reasons stated above, we dismiss Lewis's challenge to his conviction and affirm his sentence.

DISMISSED IN PART, AFFIRMED IN PART.